IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KENNETH STAFFORD,

    Plaintiff,

v.                                             CIV No. 14-1136 MCA/GBW

BERNALILLO COUNTY METROPOLITAN
DETENTION CENTER, et al.,

    Defendant.

## ORDER TO SHOW CAUSE

This matter is before the Court upon a review of the record. The presiding judge issued an Order of Reference in this case on December 31, 2014. *Doc. 3*. On January 2, 2015, the undersigned entered an Order to Cure Defects (*doc. 4*) as to Plaintiff's Motion to Proceed under 28 U.S.C. § 1915 (*doc. 2*). The Order of Reference and Order to Cure Defects were returned as undeliverable on January 23 and 26, respectively. *Docs. 5, 6*. Plaintiff has not provided the Court with any other mailing address.

Plaintiff has a "continuing duty to notify the Clerk, in writing, of any change in their mailing address," D.N.M.LR-Civ 83.6, and Plaintiff's apparent failure to update his address will make proceeding in his case impossible. The Court may impose sanctions for Plaintiff's failure based on the local rules and the Court's inherent power to regulate its docket and promote judicial efficiency. *See Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984). One such sanction within the discretion of the Court is to

dismiss an action for want of prosecution.  *See e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 856 (10th Cir. 2005).

Based on Plaintiff's failure to notify the Court of his change of address, he will be required to show cause why this case should not be dismissed.

IT IS THEREFORE ORDERED that, no later than **fourteen days** from the date of this order, Plaintiff shall file with the Court notice of his current address.  Failure to respond to this Order shall constitute an independent basis for dismissal.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE